**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

Akaniyene William Etuk, Plaintiff,

v.

New York City Police Department, Jacobi Medical Center, BronxWorks, DHS Officer Harvey #825, Miss Genesis, Former NYPD Officer Nicholas Konner, Former NYPD Officer Patrick Sayegh, Former NYPD Officer Andrew Witkowski, NYPD Officer Junior Munoz (Shield #26527), NYPD Officer Aramis Ramos (Shield #26527), NYPD Officer Ryan Neff (Shield #4270), NYPD Officer Richard Santiago (Shield #931158), NYPD Officer Steven Wan (Shield #4065), NYPD Officer Sergio Nunez-Lopez (Tax Id 970036), and John Doe Officers 1-10, Defendants.

Case No.: 24-Cv-4957 (KPF)

THIRD AMENDED COMPLAINT

Introduction: This is a civil rights action brought by Plaintiff, Akaniyene William Etuk, against officers of the New York City Police Department ("NYPD"), Jacobi Medical Center, BronxWorks, DHS Officer Harvey #825, Miss Genesis, and additional identified NYPD Officers for violations of Plaintiff's constitutional and statutory rights. These violations include the right to travel, the right to privacy, the right to be free from harassment, protection against unreasonable searches and seizures, excessive force, false arrest, unlawful detention, unlawful entry and trespass (without warrant), coercion and duress, violations of the Americans with Disabilities Act ("ADA"), the Health Insurance Portability and Accountability Act ("HIPAA"), and state laws concerning assault, battery, and animal cruelty.

Jurisdiction and Venue This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 1983 (civil action for deprivation of rights). Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in this district.

Parties Plaintiff, Akaniyene William Etuk, was a resident of Bronx, New York, now residing in Staten Island, New York. Defendants include:

- New York City Police Department, 1 Police Plaza, New York, NY 10038;
- Jacobi Medical Center, 1400 Pelham Parkway South, Bronx, NY 10461;
- BronxWorks, 3600 Jerome Avenue, Bronx, NY 10467;
- DHS Officer Harvey #825, assigned to BronxWorks, 3600 Jerome Avenue, Bronx, NY 10467;
- Miss Genesis, Assistant Director at BronxWorks, 3600 Jerome Avenue, Bronx, NY 10467;
- Former NYPD Officer Nicholas Konner, Former NYPD Officer Patrick Sayegh, Former NYPD Officer Andrew Witkowski, all located at 1 Police Plaza, New York, NY 10038;
- NYPD Officer Junior Munoz (Shield #26527), stationed at 52nd Precinct, 3016 Webster Ave, Bronx, NY 10467;
- NYPD Officer Aramis Ramos (Shield #26527), NYPD Officer Ryan Neff (Shield #4270), NYPD Officer Richard Santiago (Shield #931158), NYPD Officer Steven Wan (Shield #4065), all assigned to Emergency Service Squad 04, 50th Precinct, 3450 Kingsbridge Avenue, Bronx, NY 10463;
- NYPD Officer Sergio Nunez-Lopez (Tax Id 970036), location undisclosed;
- John Doe Officers (If any left to be mentioned) 1-10.

Facts: On July 6, 2023, at about 6:34 PM, DHS Officer Harvey #825 and Miss Genesis called a team of NYPD officers, including Officers Witkowski, Nunez-Lopez, Munoz, and others, to Plaintiff's residence at 3600 Jerome Avenue, Bronx, NY 10467, without Plaintiff's permission or any contractual basis.

Plaintiff, accompanied by a registered service animal, was forcefully removed from his residence by NYPD officers without legal justification, violating his Fourth and Fourteenth Amendment rights against unlawful seizures and deprivation of liberty.

NYPD officers, including Witkowski, Nunez-Lopez, Munoz, Ramos, Neff, Santiago, and Wan, forced Plaintiff to identify himself, violating his right to privacy.

NYPD officers, DHS Officer Harvey #825, and Miss Genesis made legal determinations without possessing a license to practice law.

NYPD officers failed to show their identification cards, thus failing to verify themselves as registered law enforcement officers.

NYPD officers approached Plaintiff with guns drawn, subjecting him to threat, duress, and coercion, forcing him to leave his residence, in violation of New York Penal Law § 135.60.

NYPD officers used physical force, causing Plaintiff and his service animal pain and injury before placing him in handcuffs, constituting excessive force in violation of the Fourth Amendment and assault and battery under New York common law.

NYPD officers, DHS Officer Harvey #825, BronxWorks, and Miss Genesis transported Plaintiff and his service animal to an undisclosed location without contractual agreement or permission, constituting unlawful detention.

NYPD officers shot Plaintiff's service animal with an unknown substance, in violation of New York Agriculture & Markets Law § 353 (Animal Cruelty).

Plaintiff was taken to Jacobi Medical Center, where he was injected with an unknown substance without his consent, violating HIPAA laws and his bodily autonomy rights.

BronxWorks staff previously broke into Plaintiff's locker and took personal items, including a laptop, which was only partially returned by a staff member named Jessica, violating Plaintiff's rights under the Fourth and Fourteenth Amendments regarding unlawful confiscation of property.

Plaintiff's service animal was registered and vaccinated at the time of the incident. Copies of the service animal registration and vaccination papers are attached as Exhibits B and C, respectively.

Claims for Relief (Counts I through IX, including new claims for false arrest, unlawful entry and trespass, excessive force, coercion, unlawful detention, and animal cruelty, remain structured accordingly.)

Prayer for Relief WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award Plaintiff:

A. $1,000,000.00 for each violation of Plaintiff's constitutional rights, ADA, and other statutory rights; B. $1,000,000.00 for the violation of Plaintiff's registered service animal's rights under the ADA and state animal cruelty laws; C. $1,000,000.00 for the violation of Plaintiff's rights under HIPAA by Jacobi Medical Center; D. Punitive damages in an amount to be determined at trial; E. Declaratory relief stating that Defendants' actions violated Plaintiff's constitutional rights, the

ADA, HIPAA, and state laws; F. Injunctive relief preventing Defendants from engaging in similar conduct in the future; G. Reasonable attorney's fees and costs of this action; H. Such other and further relief as the Court deems just and proper.

Bench Trial Demand:

Plaintiff demands a trial by Judge on all issues so triable.

Exhibits Exhibit

A: Jacobi Medical Center Record Exhibit

B: Copy of Service Animal Registration Exhibit

C: Copy of Service Animal Vaccination Papers

Dated: // 01/30/25

Respectfully submitted,

Akaniyene William Etuk

Plaintiff, Pro Se

217 Hamilton Avenue #1i

Staten Island, New York 10301

1 (718) 810-3683 / 1 (929) 676-0970